

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

SIMON A. LUNDY, SR.,
    Plaintiff,

vs.    07-1167

K. TATE CHAMBERS,
    Defendant.

OPINION

The plaintiff, Simon Andre Lundry, Sr., submitted a document to the clerk of the court entitled "Criminal Complaint- Mandatory Notice of Misprison of Felony." [d/e 1] The plaintiff did not use a standard complaint form. The only statute the plaintiff references is under the criminal code and does not entitle the plaintiff to file a lawsuit[1]. However, the body of the plaintiff's complaint refers to his recent criminal conviction and the "malicious prosecution" of many of the named defendants.

The plaintiff, a federal prisoner, names four defendants in his complaint including Assistant United States Attorneys K. Tate Chambers and Bradley Murphy, Federal Probation Officer Genise Bailey, Drug Enforcement Administration Agent Paul Larsen; and Inmate Diondre Wakefield. The plaintiff does not ask the court for any specific remedy, but apparently wants some action taken against the defendants. Consequently, the plaintiff's complaint was filed pursuant to *Bivens v.Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The plaintiff was told to either play the filing fee or file a motion to proceed *in forma pauperis* and the plaintiff chose to file a motion.

The court is required by 28 U.S.C. §1915A to screen the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Pleading particular legal theories or particular facts is not required to state a claim. Fed. R. Civ. P. 8 (complaint need contain only a short, plain statement of the claim and the relief sought); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *citing Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir.). The complaint need only give "a short and plaint statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant county Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)(citations and internal quotation marks omitted)(*cited by Dewalt*, 224 F.3d at 612; Fed. R. Civ. P. 8(a)(2).

---

[1] 18 USC §4, Misprision of felony.

The plaintiff's complaint is a rambling document that focuses on the plaintiff's criminal prosecution. The plaintiff says a change of plea hearing was scheduled without his or his attorney's consent. After hours of talking and sitting in a cell, the plaintiff says he agreed to plead guilty. The plaintiff then apparently believes the prosecutors did not abide by the terms of the agreement and allowed perjured testimony during a court proceeding. The plaintiff alleges that Defendants Chambers and Murphy should be investigated for prosecutorial misconduct. The plaintiff alleges no clear claims against the remaining defendants.

Federal question jurisdiction exists so long as "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13, 103 S.Ct. 2841, 2848 (1983). The plaintiff's complaint is frivolous. It lacks an arguable basis for a constitutional claim either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 182, 1831 (1999). In addition, the complaint fails to state any basis for a federal lawsuit. Therefore, pursuant to 28 U.S.C. §1915A and Fed. R. Civ. Pro. Rule 12(b)(6), the plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted.

Further, because the plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted, this dismissal counts as a strike against the plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g) which states in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

The plaintiff is advised that he has now accumulated three strikes. *See Lundy v. Iben,* 06-2214(dismissed on December 18, 2006) and *Lundy v. Federal Bureau of Investigation,* 06-1027 (dismissed on March 20, 2006).

**IT IS THEREFORE ORDERED that:**

**1) The case is dismissed in its entirety pursuant to 28 U.S.C. §1915A and Fed. R. Civ. Pro. Rule 12(b)(6), for failure to state a claim. The case is terminated without prejudice.**

**2) The dismissal counts as a strike against the plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g). The clerk is directed to record the strike against the plaintiff and add the plaintiff to the "three strikes list."**

**3) The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed. The agency having custody of the Plaintiff is directed to remit**

**the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.**

**4) The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

**5) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Entered this __5th_ day of September, 2007.


s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE